


ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona
ANGELA W. WOOLRIDGE
Assistant United States Attorney
State Bar No. 022079
Evo A. Deconcini U.S. Courthouse
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: 520-620-7300
angela.woolridge@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, Plaintiff, v. Michael James Gesty, Defendant. | CR11-2650-TUC-JGZ (DTF) PLEA AGREEMENT |

The United States of America and the defendant, Michael James Gesty, agree to the following disposition of this matter:

PLEA

The defendant agrees to plead guilty to Count Nine of the Indictment, as amended herein, charging the defendant with a violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2), Possession of Firearm and Ammunition by Drug User, a felony. The defendant also agrees to admit and not contest the Forfeiture Allegation of the Indictment. Counts One through Eight of the Indictment will be dismissed at the time of sentencing.

ELEMENTS OF THE CRIME

The essential elements of Possession of Firearm and Ammunition by Drug User are that:

(A) the defendant knowingly possessed a firearm and ammunition;

(B) the defendant knowingly possessed a firearm and ammunition; and

(C) at the time the defendant possessed the firearm and ammunition, the defendant was an unlawful user of a controlled substance.

Marijuana is a controlled substance as defined in Title 21 United States Code, Section 802.

The firearm and ammunition possessed by the defendant are agreed to be: one FN Herstal, model PS90, 5.7 x 28 mm caliber rifle, serial number FN056380; and 49 rounds 5.7 x 28 mm caliber ammunition.

TERMS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

Maximum Penalties:

(A) The defendant understands and agrees that the maximum penalty for the offense being pled to is a fine of $250,000.00 or a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years supervised release.

(B) According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

(1) Order defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case;

(2) Order defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611 and Section 5E1.2(f) of the Guidelines, defendant establishes the applicability of the exceptions found therein;

(C) Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00 per felony count. The special

assessment is due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

Agreement Regarding Sentencing:

(A) There are no agreements between the parties with regard to sentencing. The court may sentence the defendant to between 0 to 120 months prison (the statutory minimum and maximum terms of imprisonment for the offense charged).

(B) There are no agreements between the parties with regard to the applicable advisory sentencing guidelines. The government and the defendant will both submit to the court their requested guideline calculations, including base offense level, enhancements, reductions, departures, and/or variances. The parties agree that the court may calculate the applicable sentencing guidelines as it finds appropriate, based upon the argument and evidence presented by the parties at or before sentencing.

(C) If the court, after reviewing the plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement giving defendant, in accordance with Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

Breach of the Agreement.

If the defendant fails to comply with any obligation or promise pursuant to this agreement, the United States:

(A) May, in its sole discretion, declare any provision of this agreement null and void in accordance with the terms herein and the defendant understands that the defendant shall not be permitted to withdraw the plea of guilty made in connection with this agreement;

(B) May prosecute the defendant for any offense known to the United States for which the defendant is responsible, and the defendant waives any statute of limitations, Speedy Trial Act, and constitutional restrictions for bringing charges after the execution of this agreement;

(C) May argue for a maximum statutory sentence for the offenses to which the defendant has pled guilty;

Plea Addendum

The United States may file a Plea Addendum in this case, even though there may or may not be any additional terms. The defendant and the defendant's attorney acknowledge that no threats, promises or representations exist beyond the terms of this plea agreement.

Waiver of Defenses and Appeal Rights

The defendant hereby waives any right to raise on appeal or collaterally attack any matter pertaining to this prosecution and sentence if the sentence imposed is consistent with the terms of this agreement.

Perjury and Other False Statement Offenses and Other Offenses

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement.

Reinstitution of Prosecution

If the defendant's guilty plea is rejected, withdrawn, vacated or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial or proceeding as permitted by Fed R. Crim. P. 11(f).

Disclosure of Information to U.S. Probation Office

(A) The defendant understands the United States' obligation to provide all

information in its file regarding defendant to the United States Probation Office.

(B) The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Department, including, but not limited to:

(1) All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

(2) All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

(3) All history of drug abuse which would warrant a treatment condition as part of sentencing.

(4) All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

Agreement Regarding Forfeiture

(A) The defendant, Michael James Gesty, knowingly and voluntarily agrees to forfeit all right, title and interest in one FN Herstal, model PS90, 5.7 x 28 mm caliber machinegun rifle, serial number FN056380 and 49 rounds 5.7 x 28 mm caliber ammunition.

(B) The defendant further agrees to abandon and relinquish any and all right, title and interest he may have in five FN Herstal, model PS90, 5.7 x 28 mm caliber machinegun rifles, serial numbers FN056274, FN056272, FN056323, FN056328, and FN054137; one Glock GMBH , model 27 Gen 4, .40 caliber pistol, serial number RFX737; one Glock GMBH , model 26, 9 mm pistol, serial number PTG291; one Glock GMBH , model 17, 9 mm pistol, serial number CRB580; one Glock GMBH , model 23 Gen 4, .40 caliber pistol, serial number RKY365; one Glock GMBH , model 31, .357 caliber pistol, serial number MVZ360; one PTR-91 Inc., model PDW, .308 caliber rifle, serial number DK0058; one Colt, model Match Target Hbar II, .223 caliber rifle, serial number CCH001758; one Lewis Machine & Tool Co., model Defender, .223 caliber rifle, serial

number 46835; nine Romarm/CUGIR, model GP WASR 10/63UF, 7.62 caliber rifles, serial numbers 1972DI2514, 1981MF8618, 1978IO2271, 1979IS0895, 1985SB0924, 1971DH1163, 1971DH0799, 1969BO3381, 1970BT1326; one Robinson Armament Co., model XCR, .223 caliber rifle, serial number XL04974; two PTR-91, model PDW, .308 caliber handguns, serial numbers DK0253 and WK0114; one Romarm/CUGIR, model Draco-C, 7.62 caliber rifle, serial number 1969BO1230; two DPMS Inc., model A15, .223 caliber rifles, serial number F204245 and F190880; one Bushmaster Firearms, model XM15-E2S, .223 caliber rifle, serial number L549968; one Colt, model Sporter Match Hbar, and .223 caliber rifle, serial number 035349.

(C) The defendant knowingly and voluntarily agrees not to pursue any filed claims, to withdraw any filed claims, and to waive all interest in the assets listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

(D) The defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure, Rules 7 and 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(E) The defendant further agrees to waive his right to notice of any forfeiture proceedings involving these assets.

(F) The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

(G) The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner

(including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

(H) The defendant warrants that he is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed asset covered by this agreement.

(I) The defendant knowingly and voluntarily agrees and understands the forfeiture of the assets listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

Factual Basis:

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt:

> On March 28, 2011, in Tucson, Arizona, the defendant knowingly had in his possession, within his residence, a firearm and ammunition, that is: one FN Herstal, model PS90, 5.7 x 28 mm caliber rifle, serial number FN056380; and 49 rounds 5.7 x 28 mm caliber ammunition. This firearm and ammunition were manufactured outside of the state of Arizona, thus affecting interstate and/or foreign commerce. At the time the defendant possessed this firearms and ammunition, he was a habitual unlawful user of marijuana, and ~~admitted to having~~ stated he had smoked marijuana every day for the past twenty years.

DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be

giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

2/8/12
Date

Michael James Gesty
Defendant

DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

2/8/12
Date

Alfred Donau, Esq.
Attorney for Defendant

**UNITED STATES' APPROVAL**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

2/8/12
Date

ANGELA W. WOOLRIDGE
Assistant U.S. Attorney