Alfred S. Donau III
Arizona State Bar #3540
Pima County Bar #14784
**DONAU & BOLT**
3505 North Campbell Avenue, Suite 501
Tucson, Arizona 85719-2033
Telephone (520) 795-8710

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, | CASE NO.: 4:11-CR-02650-JGZ-DTF |
|---|---|
| Plaintiff, | |
| vs. | **SENTENCING MEMORANDUM AND ADDENDUM TO OBJECTIONS TO PRESENTENCE REPORT** |
| MICHAEL JAMES GESTY, | |
| Defendant. | |

COMES NOW, the Defendant, MICHAEL JAMES GESTY, by and through counsel undersigned and hereby files this Sentencing Memorandum together with exhibits and an Addendum to Objections to the Presentence Investigation Report **(Appendix)**.

The essence of the charge against Mr. Gesty is a case where an individual who had a firearms license and owned personal firearms, smoked marijuana for relief of his persistent and recognizable medical symptoms.

The other charges, which may be valid against Michael Montoya, are not proveable utilizing any burden of proof against Mr. Gesty, as quite simply, he was not involved.

Mr. Gesty met Michael Montoya years ago. Mr. Montoya was a neighbor of Mr. Gesty. Mr. Gesty considered Mr. Montoya to be a friend and a young man whom he had known since he was four years old and who would occasionally request to work at the gun store and for the plumbing company.

Michael Gesty certainly knew that Michael Montoya was purchasing firearms. At all time, Mr. Gesty believed that the firearms were for a Family Trust. Counsel has previously submitted documentation which clearly indicates, purchase by a family member for a Family Trust is perfectly legal.

During the relevant time-period, Mr. Gesty had undergone numerous surgeries and hospitalizations. The first surgery close in proximity occurred on January 14, 2011, that was for his hand. He had a followup with the doctor on February 24, 2011 and as a result of the recovery, was not in the gun store from February 3 through February 7, 2011. On February 10, 2011, Mr. Gesty saw a surgeon regarding his shoulder. Eleven days later, shoulder surgery was performed. On March 1, 2011, Mr. Gesty was transported to St. Joseph's Hospital by ambulance for what turned out to be kidney stones. He was in the hospital on March 2, 2011. These days are important because Mr. Gesty was simply not at the gun store. The above is verified by medical records attached hereto and incorporated herein as **Exhibit A.**

During this entire period of time, Mr. Gesty was suffering from understandable significant pain. He took from his wife, who had a medical marijuana card - **Exhibit B**, small amounts of marijuana to relieve the pain. His medical problems around this period of time are not only verified by the attached medical records but as the presentence report writer notes, the Defendant, since 2007 has been diagnosed with a bone disorder that causes bone spurs in his joints. The bone spurs were tremendously painful. Mr. Gesty used marijuana to alleviate the pain and reduced his use of prescribed opiates.

Although federal law does not recognize medical marijuana, clearly, the state of Arizona, at this juncture, does. Additionally, those who used, even before medical marijuana was legalized in the state of Arizona, were not subject to jail, in fact, they could not be jailed, if apprehended, they were rather subject to drug counseling.

Mr. Gesty certainly admits that he used marijuana, he also admits that he made a foolish statement to ATF agents in a fit of pique, indicating that he used it everyday. Such was not the case and was a clear exaggeration. Mr. Gesty, since being on Pretrial release, has for months, tested negative for all illicit substance.

Mr. Gesty adamantly and completely denies that he EVER possessed automatic weapons or that he assisted Michael Montoya in possession of those automatic weapons OR that he knew, in advance, that Michael Montoya was improperly selling firearms from his dealership. When he discovered that there was inappropriate entries in his logs, he immediately chastised Mr. Montoya and demanded that the people to whom Mr. Montoya allegedly sold the firearms, return and fill out the appropriate paperwork. This is in no way an admission of guilt or knowledge but rather an attempt, of an otherwise law-abiding citizen to

verify and rectify his firearm records. The fact that Michael Gesty did not know nor have any involvement in the production or sale of automatic weapons, is verified by none other than Michael Montoya, who after his arrest had a conversation which was recorded by Mr. Gesty, wherein Mr. Montoya denies selling the guns for improper purposes. He also affirmed Mr. Gesty's lack of knowledge. That transcribed conversation has previously been provided to the Court but is attached hereto as **Exhibit C**. Thereafter, Mr. Montoya, in at least two other occasions, has admitted to third parties that Michael Gesty had nothing whatsoever to do with Mr. Montoya's criminal acts, nor did he have pre-knowledge of his criminal acts.

Evidence will be produced at the sentencing hearing that Michael Gesty never changed any weapon to full automatic, never sold any weapon that was fully automatic and never attempted to assist anyone else to do so.

It is noteworthy that when the ATF agents searched Michael Montoya's house, they found automatic weapons. When the ATF agents searched Spartan Armory and Mr. Gesty's house without notice or warning, they found no weapons that were illegal of any kind or nature.

Therefore, the remaining counts in the indictment which were dismissed pursuant to plea agreement, should not be considered in any fashion to aggravate Mr. Gesty's sentence.

Mr. Gesty has no criminal record. While he has been on Pretrial release for a considerable period of time he has abided by each and every condition of Pretrial release, he has traveled from the state of Arizona to the state of Nevada for the purpose of work and he has always properly reported his travel and properly returned at the time he has designated. In short, Mr. Gesty has demonstrated that he is completely amenable to supervision and does so meticulously and carefully.

He is an employee of Spartan Plumbing, a business which employs 14 employees and is owned by his wife. The contracts by Spartan Plumbing are now multi-state. Mr. Gesty is an integral part of the management of Spartan Plumbing and numerous people rely on Mr. Gesty's ability to assist the owner in the operation of the business.

This Court, after listening to the evidence, which will be adduced on October 1, 2012, will hopefully recognize that this case is as was characterized at the beginning, an individual who happened to smoke marijuana on occasion to relieve pain, who also had a firearms license.

It is respectfully suggested that if every firearm owner or person who has a firearm license in the

1  United States were tested, a significant percentage would test positive for marijuana, particularly given
2  the multi-states that have legal medical marijuana laws, or laws which treat the simple use of marijuana
3  as a civil offense or a petty misdemeanor.  Such conduct should not give rise to anything NEAR a ten year
4  sentence.

**WHEREFORE, IT IS RESPECTFULLY REQUESTED** that this court seriously consider a just punishment in this case as probation.

RESPECTFULLY SUBMITTED this 28th day of September, 2012.

        **DONAU & BOLT**
        Attorneys for Defendant

        */s/ Alfred S. Donau III*
        Alfred S. Donau III